### UNITED STATES of America

v.

### Macon Dale CAMPBELL, Defendant.

#### No. 94–20273 MI.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 13, 1995.

William D. Massey, William D. Massey & Associates, Memphis, TN for Plaintiff.

Victor L. Ivy, United States Attorney's Office, Memphis, TN, for Defendant.

## OPINION

McCALLA, District Judge.

### Procedural Posture

On December 5, 1994, defendant, Macon Dale Campbell, was indicted on one count of 21 U.S.C. § 841 for manufacturing 148 marihuana plants. On June 1, 1995, defendant entered a guilty plea, and the Court set a sentencing hearing for November 3, 1995. On November 1, 1995, defendant filed a motion to continue or reschedule the sentencing hearing. On November 21, 1995, defendant moved to continue the November 22, 1995, sentencing hearing. At a November 21, 1995, hearing, the Court granted the later motion and denied the earlier motion as moot. The Court instructed the parties to file briefs on sentencing in light of the amendment of United States Sentencing Guideline § 2D1.1, effective November 1, 1995, 60 Fed.Reg. 25077–78 (1995). On December 4, 1995, defendant filed Amended and Supplemented Position Papers and an accompanying Memorandum or Law. The United States has not filed a brief.

### Issue

The sole issue for the Court's determination is how to calculate defendant's sentence. Defendant contends that his term of imprisonment should be between thirty seven (37) and forty six (46) months,[1] notwithstanding the five year statutory minimum sentence set out in 21 U.S.C. § 841(b)(1)(B)(vii). Defendant argues that the amendment of United

---

1. The calculation of defendant's sentence under the Sentencing Guidelines would include a reduction for acceptance of responsibility. It further appears that defendant may be a career criminal. *See* U.S.S.G. § 4B1.1. If it is determined that defendant is a career criminal, then the resolution of the issues presented by the defendant has no practical effect.

States Sentencing Guideline § 2D1.1 with respect to marihuana plant weight equivalencies necessitates not applying the statutory minimum as written. Prior to the amendment effective November 1, 1995, U.S.S.G. § 2D1.1 dictated that, for offenses involving more than fifty marihuana plants, each plant was to be treated as equivalent to one kilogram of marihuana. The amended U.S.S.G. § 2D1.1 dictates that each marihuana plant, regardless of the total number, is treated as equivalent to one hundred (100) grams of marihuana.[2] Twenty one U.S.C. § 841(b)(1)(B)(vii), which was not amended at the time of the adoption of the amendment to U.S.S.G. § 2D1.1, provides that a violation involving "100 or more marijuana plants regardless of weight" has a minimum sentence of five years imprisonment.

Defendant offers four possible grounds for not applying the statutory minimum set out in 21 U.S.C. § 841(b)(1)(B)(vii): 1) the Fifth Amendment rights of substantive due process, 2) the Eight Amendment right against cruel and unusual punishment, 3) the rule of lenity, and 4) United States Sentencing Guideline § 5K2.0. Each of these grounds are discussed in turn.

*Analysis*

■ Defendant argues that 21 U.S.C. § 841(b)(1)(B)(vii) is "arbitrary and capricious in light of Congress' amendment of the United States Sentencing Guidelines" because the congressional intent behind the adoption of the amendment "direct[s] [courts] to follow the amended equivalencies even on the statutory level."[3] Defendant's Memorandum of Law, filed December 4, 1995, at 4. Due process will be violated by a statute that "manifests a patently arbitrary classification, utterly lacking in rational justification." *Weinberger v. Salfi*, 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975). The statutory minima provided in 21

U.S.C. § 841 work in conjunction with the United States Sentencing Guidelines. Whereas the Sentencing Guidelines "were meant to establish a range of determinate sentences for categories of offenses and defendants according to various specified factors," *Mistretta v. United States*, 488 U.S. 361, 368, 109 S.Ct. 647, 653, 102 L.Ed.2d 714 (1989), the statute specifies a minimum sentence based on the amount of the controlled substance involved that trumps the Sentencing Guidelines. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). By this provision, it is clear that the appropriate sentence in this case is five years. This scheme is not "utterly lacking in rational justification," and application to the instant case does not violate due process.

■ The argument that application of 21 U.S.C. § 841(b)(1)(B)(vii) in conjunction with the Sentencing Guidelines will produce a sentence that is so excessive as to amount to cruel and unusual punishment under the Eighth Amendment has no basis in law or fact.

■ The rule of lenity dictates that a court will not impose criminal penalties based on "statutory ambiguity." *See Lewis v. United States*, 445 U.S. 55, 65, 100 S.Ct. 915, 920, 921, 63 L.Ed.2d 198 (1980). For lenity to apply there must be a "grievous ambiguity or uncertainty in the language and structure" of the statute. *See Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974). As discussed above, the sentencing scheme of 21 U.S.C. § 841(b)(1)(B)(vii) and the Sentencing Guidelines is not ambiguous.

■ United States Sentencing Guideline § 5K2.0 refers to 18 U.S.C. § 3553(b) as

2. Since defendant pleaded guilty to manufacturing 148 marihuana plants, the difference between the base offense level under the old sentencing guideline and the new sentencing guideline is considerable.

3. Defendant also argues that due process is violated by applying the "federal statutory construction wherein one plant (in cases involving fifty or more plants) equals one kilogram of marihuana ... since the equivalency formula [is] not based

upon a reasonable approximation." The five year statutory minimum for offenses involving "100 or more marijuana plants regardless of weight" found in 21 U.S.C. § 841(b)(1)(B)(vii) does not necessitate the application of the equivalency formula found in the old U.S.S.G. § 2D1.1. It is, thus, unnecessary to address whether a sentence based on something other than a reasonable approximation of the annual yield of a marijuana plant would violate due process.

authority for a court imposing a sentence below the range provided by the Sentencing Guidelines based on the presence of a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." Defendant argues that the mitigating circumstance present in this case is the failure to amend 21 U.S.C. § 841(b)(1)(B)(vii) upon the amendment of U.S.S.G. § 2D1.1. This is not the sort of mitigating circumstance required by 18 U.S.C. § 3553(b). The Sentencing Guidelines clearly reveal consideration of the interplay between statutory minima and sentencing ranges.

SO ORDERED.